NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 26 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

EVENTBRITE, INC.,

        Plaintiff-Appellee,

v.

M.R.G. CONCERTS LTD.; MATTHEW
GIBBONS,

        Defendants-Appellants.

No.   22-16848

D.C. No. 3:20-cv-04040-SI

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Argued and Submitted December 11, 2023
San Francisco, California

Before:  GOULD, KOH, and DESAI, Circuit Judges.

    M.R.G. Concerts Ltd., along with its owner, Matthew Gibbons (collectively,

"MRG"), appeals the district court's denial of its motion for judgment as a matter

of law or, in the alternative, a new trial.  A jury determined that MRG had

unjustifiably and materially breached a contract between it and Eventbrite, Inc.

("Eventbrite") and awarded Eventbrite $11 million in damages.  On appeal, MRG

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

no longer challenges the verdict on liability. Nor does MRG challenge roughly $4.7 million of the jury's damages award. However, MRG contends that the remaining $6.3 million of the damages award was improper because such damages stemmed from a "True-Up Provision" in the parties' agreement that, MRG contends, either (1) was not an applicable remedy for breach of the agreement, or (2) is an unenforceable penalty under California law.

We have jurisdiction under 28 U.S.C. § 1291. We agree with MRG that, under the parties' agreement, the True-Up Provision does not apply to MRG's breach. Accordingly, we vacate the judgment as to damages and remand with instructions to order remittitur and enter an amended final judgment.

1. Section 7 of the parties' agreement states that, if MRG materially breaches the agreement, MRG "must immediately repay the Sponsorship Payments that Eventbrite has paid," which totaled $3 million. Section 7 adds that "[t]he parties agree that the damages to Eventbrite from the foregoing are difficult or impossible to ascertain and that repayment of the Sponsorship Payments is a reasonable approximation of such damages and will be deemed liquidated damages and not a penalty."

This contractual language is typical of liquidated damages provisions, which permit parties to "provide ahead of time that a certain sum of money is conclusively presumed to represent the amount of damage that will be caused by a

2

specified breach of the contract," because "fixing the amount of actual damages [is] . . . impracticable or extremely difficult." *Util. Consumers' Action Network, Inc. v. AT&T Broadband of S. Cal., Inc.*, 135 Cal. App. 4th 1023, 1028–29 (Cal. App. 2006) (citations omitted). Where a commercial contract contains a liquidated damages provision, a party's damages for breach of contract will be limited to the specified amount "unless the party seeking to invalidate the provision establishes that the provision was unreasonable under the circumstances existing at the time the contract was made." Cal. Civ. Code § 1671(b).

Eventbrite has not contended at any point that Section 7 is unreasonable. Accordingly, Eventbrite is limited to the specified amount, even if that amount, in practice, fails to adequately compensate Eventbrite for MRG's breach. *See generally, e.g.*, *Better Food Mkts., Inc. v. Am. Dist. Tel. Co.*, 40 Cal. 2d 179 (Cal. 1953) (limiting recovery to $50 despite nearly $36,000 in actual damages). The inclusion of Section 7 in the agreement is persuasive evidence that the parties intended that the remedy for MRG's breach would be MRG's return of Eventbrite's sponsorship payments. Thus, under the contract, the remedy for MRG's breach is $3 million.

2. Eventbrite's retorts are unpersuasive. Eventbrite primarily relies on a clause in the True-Up Provision stating that "remedies under this section are cumulative and in addition to all other available remedies." This contention rests

3

on an error of logical reasoning. The quoted clause states that, if the True-Up Provision applies, then other available remedies are also applicable. Eventbrite is attempting to rely on the converse of this statement (i.e., "If other available remedies apply, then the True-Up Provision is also applicable."), which does not necessarily follow. In other words, the cumulative remedies clause of the True-Up Provision says nothing about whether the True-Up Provision itself applies in the first place. Indeed, as MRG observes, the liquidated damages provision (Section 7) does not contain a cumulative remedies clause. Instead, Section 7 states that it represents the "reasonable approximation" of damages from MRG's breach.

3.     At oral argument, Eventbrite suggested that, by accepting the jury's award of $4.7 million in damages, MRG had necessarily conceded that Eventbrite was not limited to $3 million in damages from the liquidated damages provision. To be sure, the jury awarded (and MRG does not contest) roughly $1.7 million in additional damages under Section 1 of the parties' agreement. Section 1, however, was not a remedy for breach. Section 1 simply identified MRG's outstanding debts to Eventbrite under a previous agreement, consisting of advances to help MRG promote events and customer refunds issued by Eventbrite. That a jury awarded Eventbrite money that MRG already owed to Eventbrite does not mean that the parties agreed to bypass the general rule that liquidated damages are the exclusive remedy for breach.

4

4.      Because we conclude that the parties' agreement did not intend for the True-Up Provision to be a remedy for breach, we do not address MRG's argument that the provision is invalid under California law.

5.      The judgment is vacated as to damages. The district court's decision denying remittitur is reversed, and the court is instructed to enter an amended final judgment reducing damages by $6,335,334.72 and accompanying prejudgment interest on damages under the True-Up Provision.[1] The parties shall bear their own costs.

**VACATED AND REMANDED.**

---

[1] MRG has not requested, in its briefing or at oral argument, that our court resolve the issue of prejudgment interest, and so we leave it to the district court to calculate in the first instance.

5